### 1147.    FUDGE *v.* KELLY.

Mere breach of warranty will not authorize the rescission of a horse-swap; fraud usually will. Material false representations as to existing conditions are usually fraudulent, as contradistinguished from guarantees for the future, which are merely warranties. *Barnett* v. *Speir,* 93 *Ga.* 762 (21 S. E. 168) ; *Johnson* v. *Harley,* 121 *Ga.* 83 (48 S. E. 685).

Trover, from city court of Miller county—Judge Bush. February 25, 1908.

Submitted July 2,—Decided July 25, 1908.

On rehearing, decided July 31, 1908.

*W. I. Geer,* for plaintiff in error. *P. D. Rich,* contra.

POWELL, J. (Upon rehearing.) In the original decision of this case (on which a judgment of affirmance was rendered) we made a plain, palpable error. We are glad it has been called to

our attention before it is beyond our power to correct it.   Indeed, in any case, there is nobody's error that we shall be less reluctant to correct than our own, if we shall be able to see the latter in time legally to do so.

The plaintiff in this case claimed that in swapping horses with the defendant, the latter represented to him, in substance, that his animal was free from incumbrance.   It appears from the record that the horse so received by the plaintiff in exchange for his own was, soon after the swap, seized by a constable, under some sort of process, and the plaintiff thereupon sued the defendant for the horse the latter had received in the trade.   In the argument here both sides stressed their respective contentions as to the law governing the case, as if there were no question that the process by which the constable seized the horse was an incumbrance upon it at the time of the trade; and on this hypothesis we decided the case.   It is true, however, that the plaintiff in error in his brief has a general statement broad enough to raise the point that the plaintiff failed to make out a case.   Upon a closer examination of the brief of the evidence, we find that it does not affirmatively appear that the lien or process by which the constable seized the horse was an incumbrance upon it at the date of the trade.   The showing of this fact was a prerequisite to a recovery by the plaintiff; the verdict in his favor was, therefore, contrary to the evidence.   The proposition of law announced in the foregoing headnote, which constituted the original opinion filed in the case, is sound; but the judgment should be reversed for the reason herein indicated.   The judgment of affirmance is therefore withdrawn, and a judgment of reversal awarded instead.

*Judgment reversed.*