### 10871. COCHRAN *v.* MEEKS, *et al.*

JENKINS, P. J. This was a suit to recover back the purchase-price paid for a number of bales of cotton, the plaintiff contending that in his purchase he was defrauded by reason of the seller's false and fraudulent substitution of samples, on the basis of which the purchase was made. The plaintiff alleged that promptly upon discovering the fraud he offered to restore the property to the defendant, and that he held it as the property of the defendant, for the use and benefit and subject to the order of the defendant. *Held*:

1. While a mere "breach of warranty does not annul an executed sale, but gives the purchaser a right to damages where the contract price has been fully paid; or he may plead in abatement of the purchase-money when sued therefor" (*Pound* v. *Williams*, 119 *Ga*. 904 (47 S. E. 218); Civil Code of 1910, § 4136), still, if the sale has been induced by fraudulent representations on the part of the seller as to existing conditions, a contract may be rescinded at the instance of the purchaser, upon his promptly restoring or offering to restore the property received by virtue of the contract; and, upon this being done, the purchaser, without taking any independent proceeding in equity to rescind the contract, is entitled to recover the amount of the purchase-price actually paid by him. Civil Code (1910), §§ 4305, 4306; *Fudge* v. *Kelly*, 4 *Ga. App.* 630 (62 S. E. 96); 39 Cyc. 1997 (b). The demurrer to the petition was properly overruled.

2. The evidence objected to in the first special ground of the motion for a new trial was admissible, in connection with other testimony in the case, as tending to throw light on the main contention of the plaintiff; the evidence of the plaintiff objected to in the second and fourth special grounds of the motion was inadmissible as being hearsay, but since the same fact was testified to by the person thus quoted, and the letter quoted from was afterwards itself introduced, a new trial will not be granted on these grounds. *Daughtry* v. *Savannah &c. Railway Co.*, 1 *Ga. App.* 393 (3) (58 S. E. 230). The evidence objected to in the third special ground was admissible as a part of the history of the transaction; but even if it were irrelevant, it could not have been harmful to the defendant.

3. The excerpts from the charge of the court complained of in the sixth and seventh special grounds of the motion for a new trial, in which were given certain principles of law relative to fraud as embodied in the code, were not erroneous, but were applicable to the case.

4. The portions of the charge complained of in the eighth and ninth

special grounds of the motion do not afford ground for a new trial, since the plaintiff, if entitled to recover at all, was entitled to recover the full amount sued for.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED MARCH 11, 1920.

Action of deceit; from city court of Waycross — H. M. Wilson, judge pro hac vice. April 28, 1919.

*A. E. Cochran, W. A. Milton,* for plaintiff in error.

*Parker & Parker, A. B. Spence,* contra.

*Judgment affirmed. Stephens and Smith, JJ., concur.*