## 14918.   COLT COMPANY v. PICKRON.

STEPHENS, J.  1. The act of a seller in retaking from the purchaser the property sold may, in the absence of any agreement between them, when following a request to the purchaser by the seller for payment of the purchase-money, authorize the inference that the property was retaken by the seller in payment of the purchase-money, and that the purchaser was thereby released from any obligation upon any outstanding promissory note given for the purchase of the property.

2. This release necessarily insures the purchaser against any loss sustained by reason of any obligation by him to a transferee of the note, and he may on this obligation of the seller recover from the seller the amount of any judgment rendered against the purchaser in a suit upon the outstanding purchase-money note by a bona fide purchaser of the note in due course, against whom he had no defense.

3. Where the seller of a lighting plant, which must be set up and installed in the house of the purchaser before it can serve the use intended, procures another person to contract with the purchaser to set up and install the plant, to which contract the seller is not a party, the person thus procured by the seller to install the plant is, when installing it, performing services beneficial to the seller, in that the performance of such services enables the seller to do business with and contract with the purchaser.  The installer, therefore, when performing such services, although he does so under his contract with the purchaser, and is paid by him, may nevertheless be also acting as an agent for the seller.

4. Such an agent of the seller, whose further duty, after setting up and installing the plant for the purchaser, is to take purchase-money notes from the purchaser and transmit them to the seller, is more than a mere collecting agent with a restricted duty, but is an agent with the power to complete the contract for the seller by satisfying the purchaser; and where the seller has knowledge of the purchaser's refusal to accept from the carrier the property purchased which has been shipped to the point of destination, the power to adjust matters with the purchaser by retaking the property in behalf of the seller is within the scope of such agent's apparent authority.

5. Where there is evidence tending to establish such agency, the acts and declarations of the alleged agent which were part of the negotiations, such as the following, are not inadmissible as hearsay: declarations by the alleged agent to the agent of the carrier that the declarant was agent of the seller and had authority from the seller to take the property from the carrier, reship it in the name of the seller as shipper, and travel in an automobile with the name of the seller thereon, etc.

6. A declaration by the alleged agent that he had in his possession written documents from the seller establishing his authority as agent was a mere declaration as to the fact of agency, and not a declaration or statement as to the contents of a written instrument, and therefore was not inadmissible upon the ground that it constituted parol evidence as to the contents of a written instrument.

7. This being a suit by the purchaser against the seller to recover an amount equal to that due by the purchaser to the transferee on the

note, and the measure of damages being fixed by the amount of the judgment obtained by the transferee against the purchaser as maker, the verdict finding generally for the plaintiff without naming any amount was not so uncertain, vague, and indefinite as not to be capable of being given effect, but was properly construed by the trial judge as a finding in the amount of the judgment recovered against the plaintiff on the note.

8. It was not, under the facts of this case, harmful error to the plaintiff to allow a witness to state that he concluded that the person alleged to be the agent of the plaintiff was in the employ of the plaintiff because that person had accepted a note payable to the plaintiff for a similar plant installed by the plaintiff for the witness.

9. The court charged that the plaintiff could not recover if the alleged agent was not in fact an agent of the defendant, or if the alleged agent acted beyond his authority, or was an independent contractor, and the defendant's exceptions to the court's failure to more fully charge upon the law of principal and agent and independent contractor were without merit.

10. There is no exception to the admission in evidence of any declaration of the alleged agent upon the ground that it was not part of the res gestæ of the transaction.

11. The court did not express any opinion on the facts.

12. Applying the above rulings, the evidence authorized the verdict found for the plaintiff, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1924.

Complaint; from city court of Cairo—Ira Carlisle, judge pro hac vice. June 15, 1923.

*Underwood, Pomeroy & Haas, M. L. Ledford, Joseph H. Ross,* for plaintiff in error.

*Hill & McElvey,* contra.