### 16619.  POUND *v.* BALDWIN.

A verdict in a trover suit, which reads, "We, the jury, find the property in dispute in favor of the defendant," will, at the instance of the dedendant, be construed as a verdict finding for the defendant for the value of the property in the amount established by the plaintiff's affidavit for bail, which is corroborated by the plaintiff's own personal testimony upon the trial. This is true although the defendant may not, prior to the rendition of the verdict, have elected to take a verdict for the value of the property. A judgment entered thereon in such amount is supported by the verdict.

DECIDED JANUARY 15, 1926.

Trover; from Talbot superior court—Judge McLaughlin. May 7, 1925.

This was a trover suit wherein the plaintiff made affidavit for bail, gave bond, and took possession of the property. The jury found as follows: "We, the jury, find the property in dispute in favor of the defendant." Although no election to take a money verdict had been made by the defendant before verdict, the court at his instance entered judgment against the plaintiff in an amount equal to the value of the property as recited in the plaintiff's affidavit for bail, which was corroborated by the plaintiff's own undisputed testimony on the trial. The plaintiff excepted to the judgment, on the ground that it did not follow the verdict, and also that it amounted to a belated election of a money verdict by the defendant.

*W. M. Dallas, A. P. Persons,* for plaintiff.

*J. H. McGehee,* for defendant.

STEPHENS, J. (After stating the foregoing facts.)  In a trover

suit, where the losing party is in possession of the property, a money verdict in favor of the prevailing party, even though that party be the defendant, is permissible. *Bank of Blakely* v. *Cobb,* *5 Ga. App.* 289 (63 S. E. 24). Such a verdict may be accepted by the party in whose favor it is rendered, though he may have failed to make such election prior to the rendition of the verdict. *Powers* v. *Franklin, 32 Ga. App.* 641 (124 S. E. 363). It follows, therefore, that if the verdict found is properly construed as a money verdict, the party in whose favor it is rendered may accept it and take judgment thereon, although he may have failed to elect such a verdict prior to its rendition.

The verdict rendered, although it contains a finding in no amount, finds generally in favor of the defendant's right to the property. It does not expressly award the property to the defendant, nor does it restrict the defendant's right solely to the recovery of the specific property. Although the verdict might be susceptible to the construction that it awards the specific property to the defendant, and might authorize a judgment to that effect, it nevertheless is susceptible to the construction that it merely finds the right to the property in the defendant. Giving the verdict the latter construction, it is incomplete only in that it fails to specify the amount which the defendant is entitled to recover against the plaintiff in lieu of the property, which is in the plaintiff's possession. Since "verdicts are to have a reasonable intendment, and are to receive a reasonable construction" (Civil Code (1910), § 5927), there is no valid reason why this verdict should not be construed as one finding for the defendant against the plaintiff for the value of the property, and judgment may be entered thereon for the value of the property, inasmuch as such construction can be given to the verdict, and this value ascertained, without injuriously affecting any of the rights of the plaintiff against whom the verdict is rendered. Since the plaintiff swore in his affidavit for bail, and also testified upon the trial, that the property was worth $150, his rights can in no way be affected by the judgment against him for this amount.

The verdict is not necessarily incompetent to support a judgment for a specific amount of money merely because, in finding the right to a money recovery, it fails to find in any specific amount. In *Colt Co.* v. *Pickron, 32 Ga. App.* 715 (7) (124 S.

E. 550), it was held that, in a case where the plaintiff seeks a money recovery, a verdict for the plaintiff which fails to find .any amount will support a judgment entered for a specific amount, where the amount was undisputed and not issuable.

The suggestion that since the defendant had made no election of a money verdict and had not raised upon the trial an issue as to the value, or that since evidence as to value is in the nature of opinion evidence only and is not conclusive, the defendant should not be allowed to take a money judgment upon the verdict for the undisputed value of the property, is untenable. The plaintiff can not complain that the judgment against him is in an amount which he himself placed upon the property both in his affidavit for bail and in his own personal testimony upon the trial.

The judgment for the defendant against the plaintiff for $150 follows the verdict, and is not invalid because the party in whose favor it was rendered had not elected to take such verdict prior to its rendition.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*