22397. BRANDON & CO. *et al. v.* FRANKLIN & CO.

Decided January 25, 1933.

*Blackshear & Blackshear,* for plaintiffs in error.

*John S. Adams, Burch & Daley,* contra.

Guerry, J. H. M. Franklin & Company, purchaser, brought suit against D. S. Brandon & Company, seller, alleging that plaintiff bought a certain quantity of beans from the defendant company. They contended that these beans were purchased on the basis of a sample submitted to them by D. S. Brandon & Company, and upon the express warranty that the beans bought and to be shipped were the same as the sample submitted and of a like quality. The purchase-price was to be $3.75 per bushel, and the amount shipped was 110 bushels. They were shipped order-notify with bill of lading attached, and when they came the purchaser paid the draft, amounting to $412.50, and freight $8.58, and took the beans from the railroad company. The plaintiff alleged that upon an examination of the beans actually shipped it found them to be not of like quality and character as the beans purchased and that they

did not come up to the sample on which plaintiff had made the purchase, but that they were at least 20% inferior to the sample. The plaintiff made immediate complaint to the seller, and upon its refusal to make adjustment, suit was filed for the recovery of the purchase-price, plus freight charges. After the filing of the suit and before the trial the purchaser amended the petition and alleged that it had disposed of 30 bushels of the beans for the price of $2.40 per bushel, and 15 bushels for the price of $3 per bushel, and that it had been unable to dispose of any of the other beans, and that they still remained on its hands worthless. The evidence introduced by the plaintiff disclosed that the beans sold after the filing of the suit were a part of the beans bought from the seller and of the same kind and quality. A member of the plaintiff company, Graham Franklin, testified that the beans sold were exactly like the sample before the jury, and that in his opinion the beans would germinate to some extent, but "were worthless to us for the purposes of resale. They had some value of course, but would not germinate 80% sound, as would the sample from which we bought." After the submission of the issues to the jury a verdict was rendered in favor of the purchaser for the full amount sued for, less credit for the beans actually sold as set up in the amendment. A motion for a new trial was overruled, and the matter is brought to this court for determination.

This is not a suit for a rescission, but is a suit for damages for the alleged breach of an express warranty. A breach of warranty, express or implied, does not annul the sale if executed, but gives the purchaser a right to damages. If the beans delivered were not equal in quality and kind to the sample on which they were bought, and yet it should appear that they were delivered to and paid for by the purchaser, the purchaser might have elected to sue for a rescission of the contract and asked for the full purchase-price to be returned to him and that the beans be returned to the seller and the parties placed in statu quo. This was not done, but an election was made to sue for a breach of the warranty. If the purchaser could have shown that the property delivered was totally worthless as alleged, he would have been entitled to recover the full amount of the purchase-price with interest. The allegations and the proof show that these beans had "some value," and that as a matter of fact 30 bushels of them had been sold for $2.40 per

bushel and 15 bushels had been sold for $3 per bushel. "If unsound property is of any value either at the time of sale or afterwards, the purchase-money with interest is not the proper criterion of damages." *Tilman* v. *Stringer, 26 Ga.* 171. "A breach of warranty, express or implied, in the sale of personalty gives the purchaser the right to damages, . . the measure of which is the difference between the contract price and the actual value of the goods at the time and place of delivery. *Oxford Knitting Mills* v. *Wooldridge, 6 Ga. App.* 301 (64 S. E. 1008) ; *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (46 S. E. 657)." *Coffee* v. *Worsham,* 31 *Ga. App.* 62 (119 S. E. 665). "An express warranty excludes an implied warranty, and in a suit to recover the purchase price of goods sold under an express warranty, with a plea of partial failure of consideration, the issues presented are whether the goods delivered were of the quality warranted, and if not to what extent the purchase price is to be abated." *Springer* v. *Indianapolis Brewing Co., 126 Ga.* 321 (55 S. E. 53). The allegations in this case are that the goods were totally worthless. If the proof had sustained this plea, the verdict would have been proper. The evidence of the plaintiff itself having disclosed that the goods bought were of some value, it then became the plaintiff's duty to show what that value was at the time and place of delivery. This the plaintiff did not do. In order that a recovery may be had for a breach of warranty, damage and the amount thereof resulting from the breach must be shown and the burden of proof is on the purchaser. *Brooks* v. *Camak,* 130 *Ga.* 213 (60 S. E. 456). Such a burden is not in any case discharged unless some data is furnished by which the jury may determine the extent of the damage, and such proof must be made with such definiteness as that the jury may calculate the amount from the figures furnished and not rely on guesswork. *National Refrigerator Co.* v. *Parmalee, 9 Ga. App.* 725 (72 S. E. 191) ; *Myers* v. *Philip Carey Co., 17 Ga. App.* 535 (87 S. E. 825).

The court having correctly given in charge the law with respect to the measure of damages, and the evidence having disclosed that the beans, the subject-matter of the suit, were of some value, the verdict for the full purchase-price was contrary to law and without evidence to support it, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*