27711.   DON GAVAN INC. *v.* SHAW LUMBER COMPANY.

Decided December 5, 1939.

*Marvin G. Russell,* for plaintiff in error.

*William G. Grant,* contra.

MacINTYRE, J. This was a suit on a contract for the sale of lumber by Shaw Lumber Company against Don Gavan Inc. The verdict was in favor of the plaintiff. To the overruling of its motion for new trial the defendant excepted.

Although the plaintiff in error has specified as material its exceptions pendente lite to the order of the judge overruling its demurrers, no error on the exceptions pendente lite is assigned in the main bill of exceptions, nor was error assigned thereon at any time before argument. This being true the exceptions pendente lite will not be considered. *Jones* v. *Ragan,* 136 *Ga.* 653 (7) (71 S. E. 1098).

A careful reading of the evidence convinces us that it supports the verdict. The evidence sufficiently showed that Don Gavan Inc. was the purchaser of lumber from Shaw Lumber Company, and that Sanders & Collins, the agents, merely negotiated the sale. The evidence was sufficient to authorize a finding contrary to the defendant's contention that it had never made any contract with the plaintiff, but that it did buy lumber from Sanders & Collins, which lumber was not of the grade and quality ordered and was not reasonably suited to the use for which it was originally intended. The evidence disclosed, and the defendant admitted, that 21,155 feet of lumber were delivered on the contract, and at the price stipulated therein, when the defendant stopped the plaintiff and would not allow any further delivery of lumber under the contract. It was shown that some of the lumber delivered was defective, but there was no evidence to show how much or what part of it was defective. The contention of the defendant was that *none* of the lumber delivered came up to specifications and warranty, but the jury were authorized to find to the contrary. There being no evidence as to what extent the consideration had failed, the defendant failed to carry the burden of proof and the verdict for the contract price of the lumber delivered was warranted by the law and the evidence. The sale was executed. See in this connection *Brandon & Co.* v. *Franklin & Co.,* 46 *Ga. App.* 303 (167 S. E. 612). The evidence authorized the verdict.

The special assignments of error complain of the court's failure to give in charge certain principles of law which are stated therein.

The contentions of both parties were fairly and fully presented to the jury; there was no request to charge the abstract principles, and "The defendant in a case can not complain that certain abstract principles of law pertinent to his contentions were not charged, where no written request therefor was made, and where the charge of the court made clear the specific application of such abstract principles of law by enumerating all the material contentions of the defendant, and in substance instructed the jury that they should find for the defendant if any of his contentions were proved to their satisfaction." *Bourquin* v. *Bourquin,* 33 *Ga. App.* 175 (125 S. E. 776). Under the foregoing rulings the grounds of the motion for new trial are without merit.

The evidence authorized the verdict and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*