27881. CHATTANOOGA BEAUTY SUPPLY COMPANY
*v.* FANIN.

DECIDED FEBRUARY 22, 1940.

*Cecil D. Franklin,* for plaintiff.

*Wright & Stewart, S. W. Ragsdale,* for defendant.

GUERRY, J. The Chattanooga Beauty Supply Company sold to C. J. Fanin various pieces of beauty-shop equipment, consisting of one Shelton machine equipped with 24 double heaters, 48 rods, 48 protectors, etc., complete; two Shelton dryers, chrome black finish; one Royalchrome utility chair, one Ottoman, one manicure table, one shampoo board, one Walk electric clipper, and certain other equipment; and all being of certain designated serial numbers, and of the sale value of $859.70, payable $125 cash and $734.70 in twenty-four equal monthly instalments, secured by retention-of-title contract executed by Fanin to the Chattanooga Beauty Supply Company. After having paid a total of $553.54 Fanin refused to make further payments, and the plaintiff, six months later, foreclosed its contract for an alleged balance due of $306.16.

To said foreclosure Fanin filed his affidavit of illegality in which he admitted the execution of the contract and alleged that "part of this equipment" was a Shelton permanent-wave machine, equipped with 24 double heaters, and bought for the purpose of giving permanent waves, and that this machine was delivered in a defective condition, the nature and character of the defects being

set out. The defendant also alleged that this machine would not do the work for which it was bought, and that he notified the plaintiff who sent an agent to remedy the defect, and that the agent failed to remedy the trouble with the machine and that it still failed to do the work it was purchased to do. Plaintiff continued to promise to correct the defects, but failed to make the corrections. After having paid $553.54 "which said sum is more than the value of the unit when received by the defendant," the defendant stopped making any further payments. He further alleged that he was not indebted to plaintiff on the contract foreclosed, "because the machine sold him was never delivered to him," and that the machine delivered was not the machine bought, nor was it reasonably suited for the purposes for which it was bought; that the consideration for the contract foreclosed was this worthless and defective machine. The defendant prayed that "plaintiff in mortgage fi. fa. be required to accept a return of the equipment of which this foreclosure has been brought and that this defendant in mortgage fi. fa. have his judgment against plaintiff in mortgage fi. fa. in the amount of $553.54 fraudulently collected by plaintiff in mortgage fi. fa." Exceptions are taken to the overruling of a general demurrer to this affidavit of illegality.

While the illegality alleges that the plaintiff in fi. fa. has defrauded the purchaser, the facts as pleaded do not amount to anything more than a plea of partial failure of consideration. The contract was an entire contract for the purchase of certain described beauty-shop equipment, consisting of seven or eight named articles, all of the value of $859.70. The illegality alleged that one of these articles was not reasonably suited for the purposes for which it was intended, that it was worthless, and that the defendant in fi. fa. had already paid to the plaintiff in fi. fa. more than the value of this particular article. There was no allegation as to the separate values of the other articles included in the conditional-sale contract.

The affidavit of illegality does not claim either a partial or total failure of consideration as the damages, but says that a fraud has been practiced upon the defendant and asks that the entire contract be rescinded. We would agree to this contention if the facts as alleged would have sustained a plea of fraud for which a rescission may be had. The plea alleges, time and again, that the ma-

chine sold was not reasonably suited for the purposes for which it was intended, and that for that reason a fraud was perpetrated. Such a plea is no more, in effect, than a plea of the breach of an implied warranty. The sale contract attached shows that a certain named machine was sold and. delivered. It is not alleged that any fraud was practiced by any act or representation on the part of the seller, but the entire plea is as to a failure of an implied warranty. A rescission is prayed for. "Rescission, where a right to rescind is not expressly reserved, can not be had for constructive fraud or merely on account of warranty, express or implied." *Barnett* v. *Speir,* 93 *Ga.* 762 (21 S. E. 168) ; *Metcalf Live Stock Co.* v. *Short,* supra; *Cochran* v. *Meeks,* 25 *Ga. App.* 61 (102 S. E. 550). No misrepresentations in respect to the property sold are alleged to have been made, nor is any concealment of any latent defects alleged. "Mere breach of warranty will not authorize the rescission of a horse-swap; fraud usually will." *Fudge* v. *Kelly,* 4 *Ga. App.* 630 (62 S. E. 96). "The misrepresentation must relate to something already existent as to which one party lies to the other; a false opinion given by the alleged offending party as to what will result in future from known conditions is not sufficient." *Sasser* v. *Pierce,* 6 *Ga. App.* 321, 323 (64 S. E. 1100) ; *Newman* v. *Claflin Co.,* 107 *Ga.* 89 (32 S. E. 943). "A breach of warranty, express or implied, shall not annul the sale if executed, ·but shall give the purchaser a right to damages. It may be pleaded in abatement of the purchase-money." Code, § 96-306. *Brandon* v. *Franklin,* 46 *Ga. App.* 303 (167 S. E. 612). The defendant in fi. fa. has not asked for damages or abatement in the purchase-price because of a failure of consideration, but has expressly asked that the contract be rescinded. If the plea could be treated as a plea of failure of consideration, it fails to plead a total failure, for it is not alleged that the other articles which made up the contract of purchase were not of value, neither is it alleged the amount of the failure by alleging the value of the machine which the defendant says was worthless. The contract of purchase was an entire contract. *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100).

Moreover, the affidavit of illegality is in effect an action for rescission. The affidavit in its prayer asks that the plaintiff be required to accept a return of the property, and return to the defendant the full amount he has paid on the contract. He also gave

a forthcoming bond and retained possession of the property. As appears from the affidavit the offer to rescind was first made when he filed the illegality, it appearing from his affidavit that all he did when the plaintiff failed to remedy the alleged defects in the machine was to stop payments. This was six months before the foreclosure. "One who seeks rescission of a contract on the ground of fraud must restore, or offer to restore, the consideration received thereunder, as a condition precedent to bringing the action; and a petition which fails to allege restoration or offer to restore before institution of the suit is demurrable." *Williams* v. *Fouché,* 157 *Ga.* 227 (121 S. E. 217), and cit. The defendant in fi. fa. is not entitled to a rescission of his contract when, for the first time, he offers to rescind after a foreclosure is made on the property. "A contract will not be set aside on the ground of fraud in its procurement, at the instance of one who has neither restored nor offered to restore the fruits thereof." *Petty* v. *Brunswick & Western Railway Co.,* 109 *Ga.* 666 (5) (35 S. E. 82). "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code, § 20-906. A purchaser who has bought several articles as covered in the contract of purchase and who claims that one of the articles so bought was not reasonably suited for the purposes for which it was intended, may not refuse to meet his payments due on his contract of purchase, for six months, after he has learned of the alleged defects, and, without offering to return or rescind the trade, continue to keep the things purchased, and for the first time, in his answer to an action brought against him for the remaining purchase-price of the articles bought, offer to rescind the trade.

The court erred in overruling the general demurrer to the affidavit of illegality. It is unnecessary to pass on the remaining assignments of error.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*