40597. WEST END CAB COMPANY, INC. v. COLLIER.

DECIDED APRIL 7, 1964.

*Walter B. Fincher,* for plaintiff in error.

*James M. Embry,* contra.

EBERHARDT, Judge. The complaint here is that the testimony to which objection was interposed was admitted in violation of *Code* § 38-408, providing, inter alia, that "[A]dmissions or propositions made with a view to a compromise, are not proper evidence."

The factual situation was as follows: The defendant's attorney was cross examining the cab company's secretary-treasurer. The witness identified a certain letter on company stationery as bearing his signature and as being addressed to the auto owner's insurance carrier relative to the subject matter of the suit. It was then elicited that the letter stated the company's damages to the cab to be $60.50 for actual repairs and $20 for one day's loss of use,[1] amounts substantially less than those sued for. Objection was made on the ground that the evidence was inadmissible as a compromise offer. The objection was overruled and, on redirect, the cab company introduced the insurance carrier's responsive letter (offering only actual damages of $60.50) and the company's subsequent response stating in part "Please be advised that we do not care to make a compromise settlement in this matter for less than $80.50." The first letter was never offered in evidence nor does the record show any subsequent motion to strike the evidence or motion for mistrial.

At the time the objection was made, we view the evidence as having been admissible. There was nothing in the questions or answers to indicate that the letter was a compromise offer. If the subsequent evidence had shown that the letter contained a compromise offer, or if the letter itself had been introduced

---

[1]The transcript of evidence shows the following dialogue with irrelevant parts omitted:

"Q. What did you contend at that time [of the letter] was the damage to your automobile?

"A. This letter said $80.50.

"Q. And what did that represent—$80.50; how much was repairs and how much loss of use?

"A. Loss of time $20, and $60.50 repairs."

and had shown that it was an offer in compromise, the plaintiff's remedy would have been to move to strike the entire testimony. *Manley v. Combs*, 197 Ga. 768 (7) (30 SE2d 485). Green, Georgia Law of Evidence, 32, § 12 (1957). This plaintiff did not do. The trial judge correctly overruled the motion for new trial.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*