40769, 40770. POWELL v. COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA; and vice versa.

DECIDED JUNE 15, 1964—REHEARING DENIED JULY 6, 1964.

*Smith, Ringel, Martin, Ansley & Carr, Hoke Smith,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, Edward S. White,* contra.

NICHOLS, Presiding Judge. "When the trial judge is by law made the trior of an issue of fact, this court will not interfere with his finding when there is any evidence to support it." *Madison v. Montgomery,* 206 Ga. 199 (2) (56 SE2d 292). Therefore, in the present case, where the issues made by the pleadings were heard by the trial judge without a jury and the motion for new trial is based solely on the usual general grounds, the question for decision is whether there was any competent evidence to support the verdict.

The plaintiff contends that the trial court erred in its finding that the plaintiff could not recover because she had refused to permit an autopsy under the terms of the policy, and the defendant contends that under the terms of the policy the refusal of the autopsy was a refusal of a condition precedent to recovery under New York decisions since the policy provided in part: "This contract is for all purposes deemed to be executed, issued and delivered within, and to be construed in accordance only with the laws of, the State of New York."

The judgment of the trial court did not specify that the plaintiff was precluded as a matter of law under New York decisions because of her refusal to permit the autopsy, or whether under Georgia law (See *Mutual Benefit Health &c. Assn. v. Hickman,* 100 Ga. App. 348, 111 SE2d 380), the plaintiff refused a reasonable and timely request for such autopsy. Accordingly, in the present case it is unnecessary to determine if the New York law or Georgia law is controlling since the judgment would have been authorized in either event.

In *Mutual Benefit Health &c. Assn. v. Hickman,* p. 357, supra,

it was held: "Where, as here, circumstances and their consequences must be considered in passing on the question as to whether the plaintiff's refusal to allow the disinterment and autopsy was in violation of the terms of the policy, and reasonable men might reach a different conclusion from the consideration of the same facts, the question is one for the jury." The insurer was not notified of the death of the insured until after burial, and within 17 days of the date of death the request for an autopsy was made, and unlike the case of Employers Liability Assurance Corp. v. Dean, 44 F2d 524, plaintiff was not erroneously informed by the insurer that several days would be necessary to perform the autopsy nor were other extraneous facts shown. Thus under Georgia law the judgment of the trial court was supported by the evidence and will not be disturbed, and under the law of New York as enunciated in Gould v. Travelers Ins. Co., 279 NY 892 (244 App. Div. 274), and Cohen v. Guardian Life Ins. Co. of America, 138 NYS2d 794 (207 Misc. 266), the refusal to permit the autopsy violated a condition precedent to recovery.

The trial court did not err in overruling the plaintiff's motion for new trial, and since the affirmance of the main bill of exceptions will not result in another trial the cross bill of exceptions is dismissed.

*Judgment affirmed on the main bill; cross bill dismissed. Hall and Russell, JJ., concur.*