43095. SILER v. GUNN.

ARGUED OCTOBER 4, 1967—DECIDED FEBRUARY 27, 1968.

*Fred W. Minter*, for appellant.

*J. B. McGregor, James O. Goggins*, for appellee.

WHITMAN, Judge. 1. The trial judge heard this case without the intervention of a jury. The appellant has enumerated five errors. The first two are that the trial court erred in entering judgment for the defendant and in failing to render judgment

for the plaintiff. The fourth is that it was error to overrule the plaintiff's motion for new trial on the general grounds. These enumerations present the question of whether the judgment is supported by any competent evidence. *Powell v. Commercial Travelers Mut. Acc. Assn.*, 110 Ga. App. 54 (137 SE2d 759).

Gunn testified with regard to his purchase of the grocery business that Siler had told him that Mr. Jones wanted $3,500, but that he would try to get it down to $3,250, and that the next day Siler told him that Mr. Jones would go along with $3,250.

Gunn further testified that Siler told him that $250 was his commission and that Mr. and Mrs. Jones were getting $3,000. The terms of the contract for sale, which was in evidence, were for a total price of $3,250 to be paid for by $1,250 in cash and the balance by a $2,000 promissory note.

Regarding the $1,250 cash amount, Gunn testified that he was asked to make out two checks, one for $250 payable to Siler as his commission and the other for $1,000 to go to Mr. Jones. He testified that Siler requested that the $1,000 check for Mr. Jones be made payable to Almon Brannon so that they could go immediately to the bank and cash it because Mr. Jones wanted all cash.

The same day or the next day, according to Gunn's testimony, he had a conversation with Mr. Jones as the result of which he immediately stopped payment on the $250 check; that he found out that the $1,000 did not go to Mr. Jones but that Siler had kept it for himself. Regarding the $1,000, Siler testified that $250 was paid to Mr. Jones and that he and Mr. Brannon received the remaining $750 as their commission.

Mr. Jones testified that he told Siler he wanted $2,500 for the store, although he was satisfied with $2,250, and that he understood that Siler's commission was to be $250. He said he did not know that Gunn was actually paying $3,250.

The basis of the defendant's cross action is that Siler misrepresented the minimum price of the vendor and this is supported by the evidence set forth above.

When a broker is the agent of the vendor only, and misrepresents to a purchaser the lowest price which the vendor will accept, and personally profits by the difference, the courts are divided on whether this represents an actionable wrong against the pur-

chaser. But in the same situation, where there is evidence of a confidential or fiduciary relationship between the two, the courts generally hold the broker liable in damages to the purchaser for the misrepresentation. See Annot., 55 ALR2d 342; 12 AmJur2d 858, Brokers, § 110; 12 CJS 359, Brokers, § 146.

The following testimony of Siler on cross examination is sufficient to support a finding that a dual agency existed: "Q. You didn't consider that you were representing Mr. Gunn in this? A. I represented Mr. Gunn. The fact of the business, I closed out the sale for him, I dealt with Mr. Brannon and I closed out the sale with Mr. Brannon. Q. You closed out the sale for Mr. Gunn? A. Yes, sir. Q. Now you and Mr. Brannon were working together in the sale of this property. Is that right? A. He was the salesman, he worked on commission."

There was ample evidence to support the judgment.

2. The appellant's third enumeration of error is that the court erred in rendering judgment against the plaintiff for the further sum of $250 as punitive damages for the reason that *Code* § 20-1405 provides that exemplary damages are not allowable in cases arising on contract. The answer to this is that the cross action was for deceit, a tort, for which punitive damages may be awarded. *Kelly v. Ga. Cas. &c. Co.*, 105 Ga. App. 104 (6) (123 SE2d 711); *Walk v. Carter*, 110 Ga. App. 273 (3) (138 SE2d 390); *Code* § 105-2002.

3. The appellant's fifth enumeration of error is that the court erred in overruling the motion for new trial on Ground 4. Ground 4 is that "the evidence fails to warrant a judgment in favor of defendant for the reason that defendant with any degree of diligence could have discovered the amount of money the seller was to receive." This enumeration is without merit. There is evidence that a fiduciary relationship existed. In such circumstances reliance is justified and the fiduciary "cannot make advantage or profit for himself out of the relationship to the injury of his principal." *Harrison v. Harrison*, 214 Ga. 393 (1) (105 SE2d 214).

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*