24663. DIMMICK v. PULLEN.

FRANKUM, Justice. This case is before this court upon appeal from the grant of a summary judgment in favor of the defendant "as to each and every prayer of the plaintiff's peti-

tion." The plaintiff sought the cancellation of a promissory note on the grounds of alleged fraud in the procurement of the note. *Held:*

"He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit." *Code* § 37-104. "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." *Code* § 20-906. Under the equitable maxim and legal principle embodied in the Code sections above quoted this court has held that an offer to restore whatever of value one has received under a contract is a condition precedent to bringing an action for cancellation or rescission of the contract, and that such tender must be made before such action is commenced. *Williams v. Fouche,* 157 Ga. 227, 228 (121 SE 217); *Wheeler v. Pioneer Investments, Inc.,* 217 Ga. 367 (122 SE2d 518). In this case the plaintiff received all of the defendant's capital stock in I. C. Dimmick Company and a note of the company for $5,000 and other things of value as consideration for the note which he seeks to have canceled. It does not appear that any tender back to the defendant of these things of value was ever made before the plaintiff's action was filed or that such tender was excused because, if it should have been made, the defendant would have refused it. *Wilson v. McAteer,* 206 Ga. 835 (59 SE2d 252). Under these circumstances the plaintiff was not entitled to a judgment in his favor on the prayers in his petition, and the trial court did not err in rendering the summary judgment in favor of the defendant.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 16, 1968—DECIDED JULY 2, 1968.

*Preston L. Holland,* for appellant.
*Terrill A. Parker,* for appellee.