## 44357. DIMMICK v. PULLEN.

WHITMAN, Judge. This case involves an appeal by J. C. Dimmick, appellant here, from a judgment of the trial court based upon a directed verdict in favor of J. B. Pullen, appellee here, for the principal balance due on a promissory note executed by Dimmick as maker to Pullen as payee, sued on by way of counterclaim by Pullen against Dimmick in a suit originally filed by Dimmick against Pullen, which as to the main suit was disposed of by the Supreme Court of Georgia in *Dimmick v. Pullen*, 224 Ga. 452 (162 SE2d 427). In the judgment of the trial court in the main case from which the appeal was disposed of in *Dimmick v. Pullen*, supra, the trial court ordered that the issues raised by the counterclaim should later be tried before a jury and the present

appeal is from the judgment of the trial of the counterclaim from which the appeal before this court was sued out by Dimmick. The errors enumerated on this appeal are adjudicated by this opinion.

1. Whether or not a party may be allowed to reopen his case after he has rested and present additional evidence is a matter within the discretion of the trial judge. *Jackson v. Ga. R. & Bkg. Co.*, 7 Ga. App. 644 (4) (67 SE 898); *Metropolitan Life Ins. Co. v. Hand*, 25 Ga. App. 90 (102 SE 647); *Mc-Bride v. Johns*, 73 Ga. App. 444 (3) (36 SE2d 822).

It does not appear from the record in this case that the court abused its discretion in allowing the appellee to reopen its case for the purpose of tendering certain documentary evidence which had been previously authenticated and identified. Accordingly, it was not error, as contended, to deny appellant's motion for a directed verdict made upon the ground that certain documents crucial to appellee's claim (seeking a recovery on the unpaid balance of a promissory note) were not in evidence where the appellee was allowed to reopen his case and have such documents admitted into evidence. With such documents in evidence a verdict was not demanded for the appellant.

2. The remaining enumerations in this case are that the trial court erred in granting appellee's motion for directed verdict.

The appellant has cited several cases stating that the question for decision in passing on a motion for directed verdict is whether the evidence demands a verdict in favor of the movant or, stated otherwise, that the motion should be denied if there is any evidence in the record which if believed would authorize a verdict for the opposing party. In further support of appellant's contention there is only a conclusory statement that at the trial the appellant "submitted certain fact questions which required submissions of same to the jury." There is no further argument or elaboration in the brief; there is no reference made in the enumerations or the brief as to where in the record or transcript any evidence supporting the appellant's contention can be found. Thus these enumerations have been abandoned for lack of argument. *Strickland v. English*, 115 Ga. App. 384 (2) (154 SE2d 710); *Crider v. State of Ga.*, 115 Ga. App. 347 (1) (154 SE2d 743); *Bode v. Northeast Realty Co.*, 117 Ga. App. 226 (160 SE2d 228); *Edge v. State*, 117 Ga. App. 628 (161 SE2d 420).

The appellant has filed a reply brief and a supplemental brief in which there is elaboration on the enumerations now under discussion. Under the rules of this court (Rule 16) supplemental briefs may be filed at any time before a decision. But if an enumeration is abandoned at the outset by failure to file a brief or supplemental briefs within the time allowed (Rule 15) containing argument, then there remains, with regard to all enumerations which have been so abandoned, nothing to supplement.

3. The motion to dismiss the appeal is without merit.

*Judgment affirmed. Jordan, P. J., and Hall, J., concur in the judgment.*

ARGUED APRIL 8, 1969—DECIDED DECEMBER 1, 1969.

*Preston L. Holland,* for appellant.
*Huie & Harland, Terrill A. Parker,* for appellee.