27310. ROBERTSON v. BARBER et al.

Submitted July 11, 1972—Decided October 5, 1972.

*Fine & Block, Craig R. Goodman,* for appellant.

*Stanley H. Nylen, Hendon & Henley, J. W. Moulton,* for appellees.

JORDAN, Justice. ■ It affirmatively appearing from the motion to dismiss that the litigation which Robertson sought to stay has not been concluded, in view of the notice of appeal filed by Robertson in that case, the present appeal does not involve a moot issue. Instead, under the facts as shown to this court the ultimate disposition of the other litigation is dependent upon the action in the superior court based on the ruling in Division 2 of this opinion. The motion to dismiss the present appeal is without merit.

■ The dilemma here shown is by no means novel. While *Code* § 55-108 recognizes generally that the granting and continuing of injunctions shall always be in the sound discretion of the judge, and this court has time and again ruled that there must be a manifest abuse of that discretion to support reversal, there are situations which clearly demand a stay in the proceedings of a court of law, and thus warrant reversal unless the trial judge had granted injunctive relief. See annotations, *Code* § 55-103. In affirming the trial judge who did provide injunctive relief in a situation similar to the present case, the late Chief Justice Reid had this to say: "The claims of the parties . . . arose out of the same collision. The claim of Otis is for property damage to his automobile, for which he brought suit in the Civil Court of Fulton County. The claim of Cheeves is for personal injuries. Due to the fact that the Civil Court of Fulton County is a court of limited jurisdiction and has no authority to entertain an action for personal injuries, Cheeves could not set up his claim for personal injuries by way of cross action to the suit brought by Otis in the civil

court. In such case, under the rulings of the above-cited cases [referring to *Kirkpatrick v. Holland*, 148 Ga. 708 (98 SE 265); *Smith v. Wood*, 167 Ga. 630 (146 SE 441); *Massachusetts Bonding &c. Ins. Co. v. Lowenstein Investment Co.*, 152 Ga. 299 (109 SE 902)], it was the undoubted right of Cheeves to bring suit in the superior court to recover damages for his personal injuries, and to have the prosecution of the suit in the civil court enjoined, and require that the controversy between the parties be adjudicated in that action." *Otis v. Graham Paper Co.*, 188 Ga. 778, 781 (4 SE2d 824, 125 ALR 333). Also, see *Carswell v. Scott*, 225 Ga. 798 (171 SE2d 499), and annotation, 125 ALR 337.

*Judgment reversed. All the Justices concur.*