## 31990. BROWN et al. v. TECHDATA CORPORATION, INC. et al.

Per curiam.

This is a case of fraud and deceit in which the purchaser of the assets of a printing business sued the seller and others for equitable rescission of the sales contract on the ground that the purchaser had been fraudulently induced to enter the contract.

The purchaser is Richard A. Crawford, plaintiff and appellee. The seller is David L. Brown, defendant and appellant, who was president and major stockholder of the printing business which was incorporated in 1970 as Horizon Ventures, Inc., f/k/a Techdata Corp. (referred to as Techdata I), also a defendant and appellant. The other plaintiff and appellee is also Techdata Corp. (referred to as Techdata II) and was incorporated by Brown in 1974 as the successor corporation to Techdata I.

Other party defendants at trial who are not parties to this appeal are Chapman & Company, the business broker that referred Crawford to Techdata; George J. Morley, Techdata I's principal salesman; and, Rhodes, Inc., Techdata's principal customer. In addition to serving as Techdata's principal salesman, Morley was also one of the vice presidents of Rhodes.

The appellees, Richard A. Crawford and Techdata Corp. II filed the present action in May, 1974, in DeKalb Superior Court, charging David L. Brown, George J. Morley, Rhodes, Inc., Horizon Ventures, Inc., f/k/a Techdata Corp. I and Chapman & Company with

various acts, omissions to act, representations, and nondisclosures amounting to fraud and sought a rescission of the purchase and sale agreement, actual and punitive damages, and the expenses of litigation, including attorney fees.

In purchasing the assets of Techdata I, Crawford had executed two promissory notes in favor of Brown, one for $50,000 which Crawford had already paid and one for $63,482.42 which had not been paid. Crawford had also paid Chapman & Company $11,500 in commissions for arranging the sale. Crawford sought $61,500 in damages (restitution), and $100,000 in punitive damages and expenses of litigation, including attorney fees.

By consent of the parties, the trial court ordered that a prior suit filed by Brown against Techdata II in the DeKalb State Court be stayed. The relief sought by Brown in the state court suit for damages on account of the breach of an employment contract entered into between himself and Techdata II was asserted by way of counterclaim in the superior court suit. Brown also counterclaimed for payment of the $63,482.42 promissory note executed by the purchaser.

The defendant, Chapman & Company, filed a motion for summary judgment and it was granted. The case was submitted to a jury but defendant Rhodes' motion for a directed verdict was granted by the trial judge. The jury returned a verdict in favor of the plaintiff and appellee Crawford against the defendants Brown, Morley and Techdata I. Brown and Techdata appeal and urge eight enumerations of error as reasons for reversing the judgment of the trial court.

The first enumeration of error contends that the trial court erred in overruling appellant Brown's motion to allow him to occupy the procedural status of a plaintiff since he was the initial moving party in the litigation by previously suing Techdata II in DeKalb State Court. We do not think that the trial court erred in overruling this motion.

By consent of the parties the superior court stayed proceedings in the state court to avoid a multiplicity of suits. Both court proceedings involved the same parties but the state court lacked the power to grant the

affirmative equitable relief sought by the appellees. The action taken by the superior court in enjoining the suit in state court was not error nor is it enumerated as error in this appeal. See *Roberts v. Barber,* 229 Ga. 553 (193 SE2d 9) (1972); *Carswell v. Scott,* 225 Ga. 798 (171 SE2d 499) (1969); Code Ann. § 55-103 (Ga. L. 1878-9, p. 139). See also *Zachry v. Industrial Loan &c. Co.,* 182 Ga. 738 (186 SE 832) (1936). Jurisdiction over appellant Brown as a defendant in the superior court was properly obtained and appellant filed a counterclaim in the superior court embracing his complaint in the state court. In our opinion, the superior court properly placed the burden upon the appellees in that court and appellant did not object to it. Thus, the trial court did not err in refusing to give appellant Brown the procedural status of a plaintiff in this litigation.

Enumeration of error No. 2 contends that the trial court erred in failing to grant appellants' motions for a directed verdict and judgment notwithstanding the verdict on the ground that the evidence submitted by plaintiff Crawford was insufficient as a matter of law to support an action for fraud and deceit. Certain portions of the documentary evidence submitted by Crawford to the jury, which he argues were very important to the jury's finding of fraud, were omitted from the appeal record by appellants. Although the full transcript of the testimony introduced at trial was filed in this appeal, under these circumstances we will presume that the evidence submitted at trial was sufficient to support the trial court's findings. See, e.g., *Satterfield v. Satterfield,* 236 Ga. 155, 156 (223 SE2d 136) (1976); *Nicholson v. Nicholson,* 231 Ga. 760 (204 SE2d 292) (1974); Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24).

The essential elements in an action for fraud and deceit have been variously stated in the reported decisions. See, e.g., *Daugert v. Holland Furnace Co.,* 107 Ga. App. 566 (130 SE2d 763) (1963); *Doanes v. Nalley Chevrolet, Inc.,* 105 Ga. App. 846, 847 (125 SE2d 717) (1962); *Vaughan v. Oxenborg,* 105 Ga. App. 295, 298 (124 SE2d 436) (1962); *Anderson v. R. H. Macy & Co.,* 101 Ga. App. 894, 896 (115 SE2d 430) (1960); and, *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727, 730 (16 SE2d 176)

(1941). Stated as succinctly as possible, the plaintiff must show that the defendant made a false, material representation of an existing fact with knowledge that it was false or with reckless disregard as to whether it was true and that it was with the intent that it be acted upon by the plaintiff; and, further, that the plaintiff acted upon the misrepresentation in reasonable reliance of its truth in a manner reasonably foreseeable by the defendant and to the plaintiff's proximate injury.

The appellants argue that any alleged misrepresentations made to the buyer did not involve presently existing facts, were not as a matter of law material, and that as a matter of law the buyer was not reasonable in acting upon the representations of the seller or diligent in attempting to ascertain the truth. Questions of fraud, the truth and materiality of representations made by a defendant, and whether the plaintiff could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury. See, e.g., *Braselton Bros. v. Better Maid Dairy Products,* 222 Ga. 472 (150 SE2d 620) (1966); *Travel Wholesale, Inc. v. Herren,* 132 Ga. App. 560 (2) (208 SE2d 571) (1974); *Central Chevrolet, Inc. v. Campbell,* 129 Ga. App. 30 (198 SE2d 362) (1973); *Smith v. Holman,* 117 Ga. App. 248, 249 (160 SE2d 533) (1968); *Neville v. Buckeye Cellulose Corp.,* 118 Ga. App. 439 (164 SE2d 257) (1968); *Anderson v. R. H. Macy & Co.,* 101 Ga. App. 894 (1) (115 SE2d 430) (1960); *Stovall v. Rumble,* 71 Ga. App. 30 (1) (29 SE2d 804) (1944). The evidence introduced by the buyer at trial made out a jury question on each element of fraud and by its verdict the jury resolved each of those questions in favor of the buyer. Consequently, this case cannot be resolved favorably to the seller as a matter of law.

Appellants' third enumeration of error that the trial court erred in failing to grant their motion for a new trial is not supported by argument or citation of authority and will not be reviewed.

In enumeration of error No. 4, appellant makes a two-pronged argument. First, it is argued that the buyer has not made an unconditional and continuing tender of the subject matter of the sales contract which appellants argue is a condition precedent to an aggrieved buyer

bringing an action to rescind the contract and suing in tort for fraud and deceit. Using this premise, appellants then argue that the buyer is relegated to an action at law to affirm the contract and sue for damages. So, appellants argue that when the proper legal effect is given to a merger clause in the sales contract, providing that, "no representation, promises or inducements not included herein shall be binding upon any party hereto," the buyer's case collapses.

"A contract may be rescinded at the instance of the party defrauded; but, in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code Ann. § 20-906 (83 Ga. 560, 10 SE 350). See *Dimmick v. Pullen,* 224 Ga. 452 (162 SE2d 427) (1968); *Wheeler v. Pioneer Investments, Inc.,* 217 Ga. 367 (122 SE2d 518) (1961)..The common law requirement contained in this Code section serves two distinct, although complementary, purposes. It finds application in two distinct types of cases, one commonly referred to as a rescission "at law" and the other called a rescission "in equity." See Dobbs, Remedies, §§ 4.8, 9.4 (1973).

In the rescission "at law" the tender itself effectuates the rescission. "[I]f the sale has been induced by fraudulent representations on the part of the seller as to existing conditions, a contract may be rescinded at the instance of the purchaser upon his promptly restoring or offering to restore the property received by virtue of the contract; and, upon this being done, the purchaser, without taking any independent proceeding in equity to rescind the contract, is entitled to recover the amount of the purchase price actually paid by him." *Cochran v. Meeks,* 25 Ga. App. 61 (102 SE 550) (1920). In accord, see *City Dodge, Inc. v. Gardner,* 130 Ga. App. 502 (203 SE2d 729) (1973);*Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727 (16 SE2d 176) (1941). In these instances, the plaintiff rescinds the contract himself by restoring, or making a bona fide offer to restore, to the defendant the fruits of the contract. The plaintiff may then bring an action at law for money damages (more accurately termed restitution) or for recovery of the property which has been retained by

defendant under the rescinded contract.

The second type of rescission action is in equity. In this type of rescission action the plaintiff seeks to invoke the affirmative powers of a court of equity to rescind, or undo, the contractual transaction. In this latter context the tender requirement is nothing more than a logical corollary to the equitable maxim that equity will not act if there is an adequate remedy at law and that one who seeks equity must do equity. The decisions of this court have taken a flexible and pragmatic attitude toward the tender requirement in rescission actions, see, e.g., *Wilson v. McAteer,* 206 Ga. 835 (59 SE2d 252) (1950); *Puckett v. Reese,* 203 Ga. 716 (48 SE2d 297) (1948); *Kerlin v. Young,* 159 Ga. 95 (125 SE 204) (1924); *Houze v. Blackwell,* 144 Ga. 700 (87 SE 1054) (1915); *Barnett v. Speir,* 93 Ga. 762 (21 SE 168) (1894), and, although they have not distinguished between the tender necessary to effect a rescission and the tender which is a precondition to bringing a suit in equity for rescission, the requirements heretofore laid down are amenable to either situation. The language in the two Court of Appeals opinions cited by appellant, *Warren Co. v. Starling,* 98 Ga. App. 371 (106 SE2d 69) (1958); and *Southern Motors of Savannah v. Krieger,* 86 Ga. App. 574 (71 SE2d 884) (1952), which is in conflict with the cited decisions of this court is disapproved and will not be followed.

In the present case, the buyer's attorney forwarded a letter dated April 24, 1974, to appellant's attorney "designed to tender" all of the assets which had been purchased from Techdata I to which appellant's attorney responded that appellant Brown would "refuse the tender." This satisfied the tender requirement of the law applicable to this case.

This court's decision in *City Dodge v. Gardner,* 232 Ga. 766 (208 SE2d 794) (1974), affirming the Court of Appeals decision in *City Dodge v. Gardner,* supra, laid to rest the argument that a merger or integration clause contained in a contract being attacked for fraud precludes the introduction of parol evidence to show that the contract was indeed fraudulently induced. Appellant's fourth enumeration of error that the trial court erred in admitting evidence of alleged misrepresentations made

by appellant Brown is without merit.

In enumeration of error No. 5, appellants contend that the trial court did not properly charge the jury on the necessity of a tender in a rescission action. The trial judge's charge has been reviewed and, in our opinion, is a correct statement of the law on this subject. No error appears.

In enumeration of error No. 6, it is contended that the trial court erred in overruling appellants' motion to strike "all evidence now which was admissible as to Rhodes which would have been hearsay had they not been here." This motion was made upon the grant of Rhodes' motion for a directed verdict.

An objection to evidence must be raised as soon as the ground for objection becomes apparent and generally this means that the objection must be made at the time the evidence is offered. See, e.g., *Herrin v. State,* 230 Ga. 476 (197 SE2d 734) (1973); *Savage v. State,* 209 Ga. 374 (72 SE2d 715) (1953). However, if the evidence was admissible when offered and later appears to be inadmissible the complaining party may prevent its inclusion in the evidence by making a motion to strike or rule it out at that time. See, e.g., *Manley v. Combs,* 197 Ga. 768 (30 SE2d 485) (1944); *West End Cab Co. v. Collier,* 109 Ga. App. 555 (136 SE2d 512) (1964). See Green, The Georgia Law of Evidence, § 12 (1957); Agnor's Georgia Evidence, § 8-3 (1976); McCormick, Evidence, § 52 (1972).

The rule that objections to the introduction of evidence must be specific to be raised on appeal apply equally to motions to strike or to rule out the contested evidence. See *Goddard v. Boyd,* 144 Ga. 18 (2) (85 SE1013) (1915). In our opinion, appellants' motion to strike in this case was too general. Although appellants' counsel stated that the grounds for exclusion of the evidence were hearsay, he did not refer to any specific evidence which he sought to have excluded. The motion to strike came at the conclusion of a trial lasting almost a week in which a voluminous transcript had been compiled. Under these circumstances, the failure to refer to any specific evidence in the motion to strike made the motion too general and it will not be reviewed on appeal.

In enumeration of error No. 7, appellant Brown

contends that the trial court erred in imposing punitive damages against him when the jury had not imposed actual damages by their verdict. The jury returned a verdict stating, in material part: "We, the jury, find for the plaintiff against David L. Brown, including the rescinding of the sales contract, punitive damages of Fifty Thousand Dollars, cancelling of promissory note . . . We the jury, find for the plaintiff against Techdata I . . . all defendants shall be responsible for plaintiff's attorney fees in the amount of Twenty Thousand Dollars." Appellants' counsel stated there was no objection to the form of the jury's verdict.

To effectuate the rescission ordered by the jury, the trial judge moulded this verdict into a judgment against appellants Brown and Techdata I, imposing actual damages against appellants in the amount of $49,658.00 — consisting of $50,000 on the promissory note, plus $11,500 paid by Crawford in brokerage fees, less a credit of $11,842 due defendants for certain of Techdata's inventory and equipment which plaintiff had sold or otherwise disposed of; ordering that various obligations assumed by plaintiff in connection with his purchase of the assets of Techdata be canceled, e.g., certain assignments of leases, the $63,482.42 promissory note, the employment contract between Brown and Techdata II; and, ordering that the remaining assets of Techdata be tendered back to the defendant. This was precisely the relief which plaintiff sought in his complaint and at trial. We find no error.

"The court may construe a verdict, which is not explicit in its terms, in the light of the pleadings, the issues made by the evidence, and the charge." *Powell v. Moore,* 202 Ga. 62, 66 (42 SE2d 110) (1947). In addition, "[a] general finding by the jury for one of the parties in the case is tantamount to a finding for the whole amount of that party's claim." *Wright v. Florida-Georgia Tractor Co.,* 218 Ga. 824 (1) (130 SE2d 736) (1963). See also *Colt Co. v. Pickron,* 32 Ga. App. 715 (124 SE 550) (1924); *Pound v. Baldwin,* 34 Ga. App. 810 (131 SE 291) (1925).

In its verdict, the jury ordered that the contract be rescinded. "When a contract is rescinded, the parties are not to be left where the rescission finds them, the original

status must be restored . . ." *Lytle v. Scottish American Mtg. Corp.,* 122 Ga. 458, 466 (50 SE 402) (1905). In accord, see *McMillan v. Benfield,* 159 Ga. 457 (4) (126 SE 246) (1924); *Sizemore v. Pinkston,* 51 Ga. 398 (1874). The damage award in favor of Crawford against Brown was in the nature of restitution designed to place the parties in the position they were in before entering into the contract. Therefore, had the trial judge not awarded damages to the purchaser, the jury verdict ordering a rescission would have been partially defeated.

If a jury verdict is susceptible of two constructions, one of which will uphold it and the other of which will defeat it, the one which will uphold it is preferred. *Atlantic & B. R. Co. v. Brown,* 129 Ga. 622 (4) (59 SE 278) (1907); *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864 (3) (198 SE2d 420) (1973). Davis & Shulman, Georgia Practice and Procedure, § 16-6 (4th Ed. 1975).

The trial court's construction of the verdict in the present case was fully in accord with Code Ann. § 110-105: "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity"; and Code Ann. § 37-1203: "A superior court shall have full power to mould its decrees so as to meet the exigencies of each case; . . ."

The present suit for the equitable rescission of a contract on grounds of fraud and deceit sounded in tort and the jury found the circumstances of the fraud sufficiently aggravating to impose punitive damages. Code Ann. § 105-2002. See *Travel Wholesale, Inc. v. Herren,* 132 Ga. App. 560, supra; and *Siler v. Gunn,* 117 Ga. App. 325, 327 (160 SE2d 427) (1968). See, also, 12 Encyclopedia of Georgia Law, 19, Fraud and Deceit (1967). The punitive damages award is, therefore, affirmed.

Code Ann. § 20-1404 allows the jury to award to the plaintiff the expenses of litigation, and this includes attorney fees, if the defendant has acted in bad faith or been stubbornly litigious or caused the plaintiff unnecessary trouble and expense. The issue of attorney fees was submitted to the jury under proper instructions from the court and the jury returned a verdict against all the remaining defendants in the trial in favor of the

plaintiff for $20,000 attorney fees. Appellants' eighth and final enumeration of error is, consequently, without merit. We find no reversible error in this appeal.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram and Hill, JJ., concur. Hall, J., dissents as to the award of attorney fees.*

ARGUED FEBRUARY 16, 1977 — DECIDED APRIL 5, 1977 — REHEARING DENIED APRIL 21, 1977.

*Hayes & Hayes, Mose S. Hayes, Jr.,* for appellants.
*Sutherland, Asbill & Brennan, John A. Chandler, Strother & Weiner, Beryl H. Weiner, Nall, Miller & Cadenhead, Gerald A. Friedlander,* for appellees.