GEORGE W. SIZEMORE, plaintiff in error, *vs.* B. P. PINKSTON, defendant in error.

1. A plea which sets up that the note sued on was given for a tract of land, for which the plaintiff executed his bond for titles, in the usual form, to the defendant; that the plaintiff had no title to the land and is insolvent; and which offers to deliver up to be canceled the bond, and prays the rescission of the contract aforesaid, is not demurrable.

2. The defendant can obtain the same relief in a court of law, as to the rescission of the contract, as he could in a court of equity, and have the verdict so moulded as to compel the defendant to surrender the possession of the land, and to place the parties in the same condition in which they were before the contract was made.

Equity. Vendor and purchaser. Plea. Verdict. Before Judge JAMES JOHNSON. Stewart Superior Court. October Adjourned Term, 1873.

For the facts of this case, see the decision.

M. H. BLANDFORD, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

Pinkston, the plaintiff, brought his action against the defendant on a promissory note, payable to him or bearer, for the sum of $450 00, dated 16th December, 1871, and due 25th December, 1872. The defendant filed his plea to the plaintiff's action, in which he alleged that the note sued on was given for the purchase price of a certain described tract of land, that the plaintiff executed to defendant his bond in which he obligated himself to make good and sufficient titles to defendant for said tract of land, upon the payment of said purchase money; that the plaintiff, at the time of making bond, did not have a title to said land, and has not now the title to the same, but that the title to said land is in the estate of Jane Prather, deceased, and was at the time the plaintiff sold the land to defendant, which was well known to plaintiff, but he fraudulently represented to defendant that he was the owner of said land and had the title to the same, and

defendant, believing said representations were true, purchased the land and gave the note sued on, and took plaintiff's bond for title as aforesaid; that plaintiff is *insolvent,* and if defendant is compelled to pay the purchase money for the land he will be wholly without remedy against said plaintiff. Wherefore the defendant prays that said contract be rescinded and set aside, and defendant offers to deliver up and cancel said bond. At the trial of the case the plaintiff demurred to the defendant's plea, which demurrer was sustained by the court, and the defendant excepted.

Assuming the allegations in the defendant's plea to be true, there can be no doubt that he would be entitled to relief in a court of equity, as was held by this court in *Coffee et al. vs. Newsom,* 2 *Kelly's Reports,* 442. According to the provisions of the 3082d and 3562d sections of the Code, the defendant can obtain the same relief in a court of law, as to the rescission of the contract, as he could have done in a court of equity, and have the verdict so moulded as to compel the defendant to surrender the possession of the land, and place the parties in the same condition they were before the contract was made, in the event the contract should be rescinded and set aside on the ground of the alleged fraud, and the other facts alleged and set forth in the defendant's plea; and this being so, we think the court erred in sustaining the demurrer to the defendant's plea.

Let the judgment of the court below be reversed.