33716. THE UNIVERSITY APARTMENTS INC.
*v.* UHLER.

DECIDED OCTOBER 11, 1951.

Mrs. James R. Uhler sued The University Apartments Inc. for

*Martin McFarland, W. T. Towe,* for plaintiff in error.

*Dunaway, Howard & Embry,* contra.

FELTON, J. Since only the ruling on the general demurrer is argued, the decision will be confined to that ruling alone. Plaintiff in error contends that this action by the wife will not lie because she was not a party or a privy to the contract of rental between her husband and the landlord. Code § 105-106 provides: "No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done, independently of the contract." This contention is not well founded. The duty on the part of the landlord not to wilfully interfere with plaintiffs' right to occupy the apartment, which she had a right to do in the right of her husband, and not to interfere with her access to her clothing were not duties arising out of the contract of rental. They were duties owed by all persons to all persons, and the cause of action would have existed if there had been no contract of rental between the parties. If the landlord could under any circumstances justify its acts by virtue of the contract (or absence of a contract), it would not affect the nature of the duty owed and violated. Code § 105-1401 provides: "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." An unauthorized intrusion of the landlord on leased premises constitutes a trespass even as against the tenant to the same extent as an entry or intrusion by a stranger. Bert *v.* Rhodes, 258 S. W. 40 (4), 16 R. C. L. 620 (101). The mere fact that the right or privilege of one which has been violated was acquired by virtue of a contract does not confine actions for the violation of the right to parties and privies to the contract. The principle is illustrated by the permitting of actions of invitees of tenants against landlords for failure to repair premises. *Crossgrove* v. *Atlantic Coast Line R. Co.,* 30 *Ga. App.* 462 (2) (118 S. E. 694). While these kinds of actions are based on a special provision of law (Code, § 61-

112), the rationale of the basis for the actions is the same as if the duty had been a general common-law duty.

The allegations of the petition do not show as a matter of law that plaintiff was guilty of such reckless or rash conduct as a result of which it must be said that her conduct, rather than the wilful acts of the defendant, was the proximate cause of the injuries.

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*