36291. GUTHRIE *v.* ROBBINS HOME IMPROVEMENT COMPANY, INC.

DECIDED MAY 22, 1957—REHEARING DENIED JUNE 7, 1957.

*George D. Stewart, Julian E. Gortatowsky, Willingham, Gortatowsky & Morrison, J. E. B. Stewart,* for plaintiff in error.

*Hurt, Gaines, Baird, Peek & Peabody, J. Corbett Peek, Jr.,* contra.

FELTON, C. J. ■ On the initial appearance of this case, we ruled only on the exceptions to the sustaining of general demurrers to counts 2 and 3 and did not rule on the exceptions to

certain rulings of the court excluding evidence offered by the plaintiff and the exception to the granting of a nonsuit. *Guthrie* v. *Robbins Home Improvement Co.*, 94 *Ga. App.* 578 (95 S. E. 2d 737). We ruled that the court did not err in sustaining the general demurrer to count 2 of the petition but that the court did err in sustaining the general demurrer to count 3. On certiorari the Supreme Court reversed our ruling as to count 3; therefore, our judgment as to count 3 is vacated. *Robbins Home Improvement Co.* v. *Guthrie*, 213 *Ga.* 138 (97 S. E. 2d 153). Our ruling as to count 2 stands unreversed and, therefore, such ruling remains as the law of the case.

■ We will now consider the exceptions to the ruling on the evidence and the exception to the granting of a nonsuit. ■ The plaintiff in error complains that the court erred in not admitting in evidence a certified copy of the petition in an action by Robbins Home Improvement Company, Inc., against Huey Alvin Truelove, Jr., and Edna M. Truelove. That action was filed in the Civil Court of Fulton County and was to recover the balance due under the contract of improvement that was being performed at the time of the fire. The plaintiff contends that the petition contains certain admissions on the part of Robbins Home Improvement Company, Inc., which go to show the agency of Raymond Perry. The alleged admissions were allegations that after Robbins Home Improvement Company, Inc., "had completed approximately eighty percent of the work, for reasons beyond their control, to wit: the occurrence of a fire which destroyed the defendant's residence, it was unable to fully complete the contract"; and further that Robbins Home Improvement Company, Inc., "had invested the sum of $560 in labor and materials in said job up to the time of the occurrence of the fire." We think that on its face the petition in that case showed that Robbins Home Improvement Company, Inc., through its agent had performed the work called for under the contract and was in the act of sanding and finishing the floors when the fire occurred. At least the allegations quoted above are susceptible to that construction. Admittedly these admissions may only amount to slight evidence in establishing the existence of agency; nevertheless, however slight, the evidence should have been admitted for

the jury's consideration in determining the question of agency. The court erred in excluding such evidence.

■ If the certified copy of the petition in the case of *Robbins Home Improvement Co.* v. *Truelove,* had been admitted as it should have been then the evidence in the present case would have been substantially the same as in the case of *Robbins Home Improvement Co.* v. *Truelove,* 93 *Ga. App.* 501 (92 S. E. 2d 226). In that case the court held that the evidence authorized a verdict in favor of Huey A. Truelove, Jr. Since the evidence in the instant case is substantially the same as that in the *Truelove* case, we are bound by the rulings in the *Truelove* case that the evidence presented a jury question. The defendant in error does not strongly contend that there is any substantial difference in the evidence presented in the two cases. Its main argument and contention is that there is a distinction at law between the two cases. It is contended that the *Truelove* case is distinguishable because there was privity of contract between Truelove and Robbins Home Improvement Company, Inc., whereas in the instant case there was no privity of contract between the defendant and the deceased Glow. This contention is without merit. Neither the *Truelove* case nor the instant case was based on a breach of contract. Both actions were in tort for the violation of a duty arising out of a contract. At the time of the fire, Glow was on the premises at the invitation of Truelove. So far as a tort is concerned, the defendant owed Glow, an invitee on the premises, the same duty and degree of care it owed Truelove. *University Apartments* v. *Uhler,* 84 *Ga. App.* 720 (67 S. E. 2d 201); 38 Am. Jur. 655, Negligence, § 14. This being true, there is no difference in principle of law between the *Truelove* case and the instant case. Since the evidence in this case and the *Truelove* case was substantially the same and since it has been adjudicated that the evidence in the *Truelove* case presented a jury question, the court erred in awarding a nonsuit.

The remaining assignments of error on the rejection of other testimony are without merit.

The court did not err in sustaining the general demurrers to counts 2 and 3 of the petition.

The court did not err in refusing to admit the testimony which was the subject of the remaining exceptions.

The court erred in refusing to admit in evidence a certified copy of the petition in the case of *Robbins Home Improvement Co.* v. *Truelove*, and erred in granting a nonsuit.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*