39137. HITCHCOCK, Administratrix v. ROCHELLE *et al.*

CARLISLE, Presiding Judge. 1. This was a suit originally brought to recover for personal injuries and property damage allegedly sustained in an intersection collision. Before the case came to trial, the plaintiff died and her administratrix was, by amendment, substituted as a party and the action was amended by adding allegations seeking the recovery of medical and hospitalization expenses, funeral expenses and damages for the death of the plaintiff which was alleged to have proximately resulted from the injury sustained in the collision. No question is presented in this court as to the sufficiency of the petition. On the trial of the case, much of the evidence as to the negligence of the drivers of the two automobiles involved in the collision was in sharp conflict, but when the evidence is construed in the light most favorable to the plaintiff against whom the verdict was directed (*Curry v. Roberson*, 87 Ga. App. 785, 786, 75 SE2d 282), it was sufficient to authorize the jury to conclude that Elsie Reed,

the deceased plaintiff in this case, was driving the automobile involved in the collision; that it was her automobile, that is, that she owned it; and, that it was was damaged as the proximate result of the collision with the defendant's automobile. The witnesses variously testified that there was only one person in the automobile; that the deceased was in the Mercury and that the Mercury involved in the collision was the Mercury owned by Elsie Reed. The repairman testified that he made an estimate and repaired an automobile similar to that described by other witnesses as having been involved in the collision and belonging to Elsie Reed, and a repair bill made out to Elsie Reed for work on a 1957 Mercury was introduced in evidence. A copy of an automobile registration certificate registering a 1957 Mercury Sedan in the name of Elsie Reed was also introduced in evidence. "Concordance of name alone is some evidence of identity. . . In civil suits parties are generally relieved from the onus of proving identity, as it is a fact generally more easily disproved than established." *Code* § 38-304. Since the evidence as thus outlined did not demand a verdict for the defendant at least as to the property damage to Elsie Reed's automobile (*Ready-Mix Concrete Co. v. Rape*, 98 Ga. App. 503, 514 (5), 106 SE2d 429), it was error for the trial judge to direct a verdict for the defendant as complained of in ground 4 of the motion. *Norris v. Coffee*, 206 Ga. 759 (4) (58 SE2d 812).

2. None of the other special grounds of the motion for a new trial is meritorious and the trial judge did not err in overruling those grounds.

*Judgment reversed. Eberhardt and Custer, JJ., concur.*

Decided November 13, 1961.

*Emory Kinard, McFarland & Cooper, Martin McFarland, Augustine Sams,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, B. Hugh Burgess, Edward E. Dorsey, C. B. Rogers,* contra.