### 39259.   LUNDIN *et al.* v. HILL.

CUSTER, Judge. 1. In the first appearance of this case (*Lundin v. Hill,* 104 Ga. App. 143, 121 SE2d 86), it was established as the law of the case that the petition of Hill, the plaintiff and proposed purchaser of certain real estate from the defendant Lundin, stated a cause of action for recovery of earnest money paid down at the execution of the sale contract, where the facts showed that the property to be conveyed was improved property containing a house; the sale was to be consummated subject to the sellers' conveying good and marketable title; the purchaser discovered an encroachment of the attached patio on the property of an adjoining owner and notified the seller, who agreed to remedy the defect; due to these facts the time for closing the sale was postponed by agreement. On September 26, 1961, the defect had not been remedied, and the purchaser demanded the return of the earnest money; and in November following, the seller, by conveying the property to another, agreed to the rescission and therefore became liable for the return of the earnest money.

2. Facts stipulated or admitted by the parties to an action will be taken as true. *Field v. Manly,* 185 Ga. 464 (195 SE 406); *Harper v. International Harvester Co.,* 21 Ga. App. 819 (95 SE 306). The defendant's deposition introduced in evidence on the hearing of a motion for summary judgment after the case was returned to the trial court supports the plain-

tiff's contentions by admitting that there was an encroachment, in that a part of a wall and patio attached to the house was situated on land not conveyed; that both parties were unaware of this fact at the time of the execution of the sale contract, and accordingly there existed a mutual mistake of fact as to the subject matter of the sale contract; that, when the plaintiff's attorneys informed the defendant of this fact, the defendant offered (a) to move the wall and patio over to the land being conveyed, or (b) to place a certain sum of money in escrow to pay any damages that might result from the defect in title. These proposals were refused. The defendant then entered into negotiations with the adjoining landowner to acquire the land on which the encroachment existed in exchange for footage at the rear of the lot to be conveyed, but at no time was there an offer by the defendant to consummate the contract as executed. "If the consideration be founded in a mistake of fact or of law, the promise founded thereon cannot be enforced." *Code* § 20-308. In such case, the purchaser may sue for rescission of the sale contract in either law or equity. *Sizemore v. Pinkston,* 51 Ga. 398; *Norris v. Coffee,* 206 Ga. 759 (1) (58 SE2d 812). The uncontroverted facts establish that there was a mutual mistake of fact as to the subject matter of the contract, and that the defendant was unable to comply with its terms, which situation existed up to the time negotiations were broken off and the defendant sold the land to another, thereby placing it beyond his power to comply.

3. The primary purpose of the summary-judgment procedure is to allow a party to pierce the allegations of the pleadings and obtain judgment where there is no genuine issue of material fact, although such issue may have been raised by the pleadings. *Scales v. Peevy,* 103 Ga. App. 42, 47 (118 SE2d 193); *General Gas Corp. v. Carn,* 103 Ga. App. 542 (1b) (120 SE2d 156). Under the facts above stated, in conjunction with the uncontroverted affidavit of the plaintiff establishing the extent of his damages, the motion for summary judgment was properly granted.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED JANUARY 17, 1962—REHEARING DENIED

FEBRUARY 27, 1962.

*Robert W. Spears, Wm. G. Grant, Grant, Grizzard & Spears,* for plaintiffs in error.

*Woodruff, Latimer, Savell, Lane & Williams, Benj. B. Blackburn, III,* contra.