## 44541. WILLIS v. INTEGRITY NATIONAL LIFE INSURANCE COMPANY.

FELTON, Chief Judge. 1. In this action by a widow to recover the proceeds of her deceased husband's life insurance policy, the defendant insurer, as movant for a summary judgment, failed to carry its burden of proof of the voidability of the policy because of the plaintiff's alleged material false representations as to the state of her husband's health in applying for the policy, since its affidavits—showing merely the hospitalization and treatment in another state of a patient with the same name as the insured ("William Willis" or "William Henry Willis," a fairly common name), but who was older than the insured—at best raised a jury question as to the identity of the two persons. See *Swicard v. Hooks*, 85 Ga. 580 (3) (11 SE 863); *Shuler v. State*, 125 Ga. 778, 781 (54 SE 689); *Hitchcock v. Rochelle*, 104 Ga. App. 775 (1) (123 SE2d 268); *Canal Ins. Co. v. Tate*, 111 Ga. App. 377, 385 (6) (141 SE2d 851). Moreover, even if the identity be established, the materiality of the alleged false representations is a matter for determination by a jury. *Nat. Life &c. Ins. Co. v. Crew*, 119 Ga. App. 573, 575 (168 SE2d 181) and cit.

2. The defendant insurer, as summary judgment movant, could not establish its defense of the policy exclusion of "injuries intentionally inflicted on the insured by any persons, while sane or insane," by submitting a copy of a convict's plea of guilty to the charge of manslaughter in a criminal case for the murder of the plaintiff's husband, since such defendant

is not a party to the present action, in which his admission in the prior case would constitute hearsay. "A plea of guilty in a criminal case, while a judicial admission in that case, may become an ordinary admission in a later civil trial involving the same factual issue *to which the defendant becomes a party.*" (Emphasis supplied.) Green, Georgia Law of Evidence, Ch. XVII, Admissions of Party-Opponent, p. 538, § 249, citing *Johns v. Johns,* 29 Ga. 718; *Roper v. Scott,* 77 Ga. 120 (48 SE2d 118); *Lumpkin v. Amer. Surety Co.,* 69 Ga. App. 887 (27 SE2d 412); *Gleason v. Rhodes Center Pharmacy,* 94 Ga. App. 439 (95 SE2d 293). (N. 145.) *Guthrie v. Robbins Home Improvement Co.,* 95 Ga. App. 882 (2a) (99 SE2d 319); *Mobley v. State,* 101 Ga. App. 317, 323 (113 SE2d 654); *State Farm Mut. Auto. Ins. Co. v. Kendall,* 104 Ga. App. 481 (3) (122 SE2d 139); *Lundin v. Hill,* 105 Ga. App. 449 (2) (125 SE2d 105). The court erred in its judgment granting summary judgment in favor of the defendant.

3. The court did not err in its judgment denying the plaintiff's motion for a summary judgment. Although the plaintiff's pleadings prima facie stated a claim against the defendant, the defendant's showing on its motion for a summary judgment, while not sufficient to carry the burden of proof for purposes of its motion, nevertheless indicated the existence of genuine issues as to material facts.

*Judgment reversed in part; affirmed in part. Pannell and Quillian, JJ., concur.*

ARGUED JUNE 2, 1969—DECIDED JUNE 26, 1969.

*Michael L. Russo, F. Glenn Moffett, Jr.,* for appellant.
*Bryan, Carter, Ansley & Smith, Henry M. Quillian, Jr.,* for appellee.