## A97A2510. SIMMONS v. PILKENTON.
### (497 SE2d 613)

POPE, Presiding Judge.

In 1991, plaintiff Robert Pilkenton, Jr. entered into an installment land sale contract with defendant J. E. Simmons in order to purchase some property owned by defendant, which defendant had previously advertised on a sign as being 1.5 acres. The purchase price for the property was $3,000. At that time, plaintiff also executed a promissory note in favor of defendant. After making improvements to the property in 1993 and later placing a trailer on it, plaintiff was advised that the property was apparently smaller than advertised, and by county ordinance, was not large enough to house a trailer. Consequently, in 1995, plaintiff filed a claim in magistrate court seeking to rescind his contract with defendant based on fraud in the inducement. The magistrate court ruled in plaintiff's favor, ordering that the property be returned to defendant and that defendant return to plaintiff the money he had received from plaintiff up to that time, plus interest.

Defendant appealed to the superior court. In doing so, he also asserted a counterclaim alleging that plaintiff had defaulted on the promissory note and owed him the balance due under the note, plus the interest and attorney fees provided for therein. On de novo review, the superior court rescinded the contract on the ground that plaintiff had not gotten what he bargained for due to an admitted mistake on defendant's part concerning the advertised acreage of the property. It then ordered defendant to repay plaintiff the amount plaintiff had paid to defendant, plus legal interest. The superior court also ordered defendant to reimburse plaintiff for the expenditures plaintiff had made in improving the property, and denied defendant's counterclaim for recovery against plaintiff under the promissory note.

Defendant filed a petition for discretionary review of the superior court's order. We granted defendant's petition, and upon consideration of the matter, reverse.

1. Contrary to defendant's contention, the magistrate court did have the subject matter jurisdiction to address plaintiff's claim for rescission. The record shows that plaintiff's magistrate court claim undeniably was premised on alleged fraud in the inducement and a mistaken belief that the property at issue contained 1.5 acres. As such, the claim was legal in nature and not equitable, as argued by defendant. See *Brown v. Techdata Corp.*, 238 Ga. 622, 626-627 (234 SE2d 787) (1977); *Lundin v. Hill*, 105 Ga. App. 449, 450 (2) (125 SE2d 105) (1962). Therefore, contrary to defendant's assertion, the superior court also had the subject matter jurisdiction it needed to address plaintiff's claim upon de novo review of the magistrate court's ruling. This is so because, upon such review, the superior court possessed the same jurisdiction as the magistrate court. *Jr. Mills Constr. v. Trichinotis*, 223 Ga. App. 19, 21 (477 SE2d 141) (1996). Accordingly, we find no merit to defendant's first enumeration of error.

2. There is merit to defendant's second and third enumerations, wherein he contends that the superior court erred in determining that the contract should be rescinded. As the superior court found, defendant clearly made a misrepresentation by advertising the property on a sign as being 1.5 acres, based on his own mistaken calculations. This, however, did not relieve plaintiff of the burden of demonstrating sufficient evidence of the existence of all of the elements of fraud in support of his claim for rescission based on fraud in the inducement. See *Fowler v. Overby*, 223 Ga. App. 803 (478 SE2d 919) (1996). And plaintiff failed to meet this burden by failing to demonstrate evidence of the essential element of justifiable reliance on the misrepresentation. Id.

In the absence of a special relationship, as is the case here, see *Gardiner v. McDaniel*, 202 Ga. App. 663, 664 (1) (415 SE2d 303) (1992), "[t]he law of Georgia is well-settled that in the purchase and sale of real estate there is an underlying principle of law that one cannot be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter and could have avoided damage. When the means of knowledge are at hand and equally available to both parties[,] if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller. In order to prove the element of justifiable reliance, the plaintiff must show that [he] exercised [his] duty of due diligence. . . ." (Citations and punctuation omitted.) *Fowler*, 223 Ga. App. at 803-804.

In the instant case, plaintiff made no such showing. The record evidence demonstrates that the property in question was depicted on a plat in existence at the time of the sale. The plat listed the property as being approximately .8 acres, which clearly was less than the 1.5 acres mistakenly listed on the sign defendant had set up prior to the sale. Additionally, the description of the property contained in the contract made specific reference to the plat, which was purported to be attached to the contract. And it is undisputed that the contract itself was given to plaintiff to read before its execution. If plaintiff would have given the contract more than an admitted cursory review, he would have learned that the very description of the property was based in part on the abovementioned plat, and that the description in the contract, the plat itself, and his own investigation were all that he should rely on regarding the extent of the property in question. Armed with such knowledge, he could have avoided all of his woes by simply demanding to see the plat before executing the contract. Yet plaintiff failed to do this.

In light of plaintiff's failure to use due diligence as set forth above, rescission of the contract for fraud in the inducement was not authorized. Likewise, plaintiff's failure to use due diligence in this case also makes rescission based on mutual mistake of fact improper. See *Vickers v. Roadway Express,* 210 Ga. App. 78, 80 (3) (435 SE2d 253) (1993). Accordingly, we conclude that the superior court erred in rescinding the contract in this case, and in awarding damages to plaintiff in the amount of the expenditures he had made in improving the property.

3. Based on our holding in Division 2, defendant's fourth enumeration that the trial court erred in dismissing his counterclaim premised on plaintiff's default on the promissory note, also has merit. The contract and promissory note plaintiff admittedly signed are enforceable. As such, defendant is entitled to recover the sums owed to him under the promissory note based on plaintiff's admitted failure to pay the balance due on the note after receiving a letter from defendant specifically demanding that he do so.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED MARCH 5, 1998.

*Reagan W. Dean,* for appellant.
*Walker L. Chandler,* for appellee.