A06A2104. HANN et al. v. HARPERS BOUTIQUES
INTERNATIONAL et al.
(644 SE2d 337)

BERNES, Judge.

John Hann, Laurie Hann, and Cornerstone Fashion International, Inc. appeal from the trial court's denial of their motion for interlocutory injunction and dismissal of this action in favor of appellees Harpers Boutiques International, Gloria Fox, and Spencer Fox. For the following reasons, we affirm.

This case arose from the purchase of the assets of a clothing store, Harpers Boutiques, by appellants John and Laurie Hann. In conjunction with the purchase of these assets, appellants executed a promissory note in favor of Harpers Boutiques. Appellants also created Cornerstone Fashion International, Inc. for the purposes of operating the new business, and Cornerstone entered into an employment contract with appellee Gloria Fox, the CEO of Harpers Boutiques at the time of the asset sale.

The performance of the business did not live up to appellants' expectations, and litigation ensued. The parties assert that at least two separate lawsuits related to the transactions described above were filed prior to the instant action, one in the Fulton County Magistrate Court and one in the Gwinnett County State Court.[1]

Appellants filed the instant action in the Cobb County Superior Court, asserting claims of fraud, tortious interference with business relationships, breach of the employment agreement, breach of contract by breach of a duty of good faith and fair dealing in the performance of each of the contracts, and "equitable relief." Appellants also moved to enjoin the previously filed actions on the grounds that the superior court had exclusive jurisdiction over their claim for equitable relief.

Appellees moved to dismiss the instant action, asserting that it is barred and should be abated by OCGA §§ 9-2-5 (a)[2] and 9-2-44 (a)[3] as a later-filed action arising out of the same transaction and against the same parties as the previously-filed actions. After appellees filed a motion to dismiss, appellants filed a second amendment to the complaint in which they clarified that the "equitable" relief that they were seeking was to rescind "all of the contractual agreements between the parties" on the basis of fraud in the inducement, which they claimed had resulted in them having a mistaken belief about the financial health of the clothing store at the time of the purchase of its assets.

The Cobb County Superior Court held a hearing on both appellants' motion for interlocutory injunction and appellees' motion to dismiss and, "[a]fter hearing the presentations of counsel, and upon consideration of the record[,]" denied appellants' motion for interlocutory injunction and granted dismissal to appellees. Appellants excluded a transcript of this hearing from the record before this Court.[4]

1. In their first enumeration of error, appellants contend that the trial court erred in granting appellees' motion to dismiss pursuant to

---

[1] Apparently, none of the pleadings or transcripts from the other two pending lawsuits was ever made part of the record in the trial court.

[2] OCGA § 9-2-5 (a) provides, in pertinent part, that "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party.... If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter."

[3] OCGA § 9-2-44 (a) provides, in pertinent part, that "[a] former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement."

[4] Specifically, the appellants stated in their notice of appeal that "no transcript of evidence and proceedings is to be transmitted as part of said record, there having been filed only pleadings and motions in the above captioned matter."

OCGA §§ 9-2-5 (a) and 9-2-44 (a) because they claim that the instant action does not involve the same parties as the two prior pending actions. However, we have reviewed the pleadings contained in the record, and these pleadings do not reflect that appellants ever raised this argument in the court below.[5] Appellants thus have waived this argument on appeal. See *Seeley v. Seeley*, 282 Ga. App. 394, 396 (2) (638 SE2d 837) (2006); *Bowman v. Century Funding, Ltd.*, 277 Ga. App. 540, 543 (2) (c) (627 SE2d 73) (2006). Accordingly, we affirm the trial court's grant of appellees' motion to dismiss.

2. In their second enumeration of error, appellants challenge the trial court's denial of their motion for interlocutory injunction in which they sought to stay the two related cases pending in state and magistrate court pursuant to OCGA § 9-5-1.[6] Appellants argue that the injunction should have been granted because neither the state court nor the magistrate court purportedly could exercise jurisdiction over their rescission claim. But, the record shows that appellants' rescission claim is "premised on alleged fraud in the inducement and a mistaken belief [concerning the financial condition of the clothing store]." *Simmons v. Pilkenton*, 230 Ga. App. 900, 901 (1) (497 SE2d 613) (1998). "As such, the claim [is] legal in nature and not equitable, as argued by [appellants]." Id. See also *Brown v. Techdata Corp.*, 238 Ga. 622, 626-627 (234 SE2d 787) (1977). Thus, contrary to appellants' assertion, the state and magistrate courts would have jurisdiction to entertain their rescission claim. It follows that the trial court committed no error in denying appellants' motion for interlocutory injunction.

*Judgment affirmed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 27, 2007.

*McGahren, Gaskill & York, Matthew F. McGahren, Eric J. Marlett*, for appellants.

*Thomas R. Todd, Jr.*, for appellees.

---

[5] As noted, appellants chose to exclude from the record on appeal a transcript of the hearing held before the trial court. Appellants had the burden of providing a complete record on appeal. See *St. Paul Reinsurance Co. v. Ross*, 276 Ga. App. 135, 139 (1) (622 SE2d 374) (2005). Thus, appellants were responsible for providing a complete record showing that the issues raised on appeal were properly and timely raised in the court below in the first instance – a responsibility that they have not met.

[6] OCGA § 9-5-1 provides that "[e]quity, by a writ of injunction, may restrain proceedings in another or the same court, a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law."