Boggs, Judge.
Thor Gallery at South DeKalb, LLC (“Thor Gallery”), appeals from an order of the State Court of Gwinnett County that rescinded a commercial lease between Thor Gallery and Monger Investment Group, LLC, and Monger Entertainment Group, Inc. (collectively “Monger”), and required Thor Gallery to return Monger’s security *236 deposit. One of Thor Gallery’s arguments on appeal is that the State Court of Gwinnett County lacked jurisdiction to provide Monger with the remedy of equitable rescission. For the reasons explained below, we agree and therefore vacate the state court’s order and remand this case with direction that it be transferred to the Superior Court of Gwinnett County.
The record shows that the lease between the parties required Monger to obtain specified insurance before the lease commencement date, that the lease would not commence until Thor Gallery delivered possession to Monger, and that Monger’s failure to obtain insurance would be considered a default entitling Thor Gallery to terminate Monger’s right of possession without terminating the lease. When Monger discovered shortly after the lease was signed that the specified insurance was unavailable, it requested that Thor Gallery cancel the lease and return its security deposit. In the alternative, it requested that Thor Gallery revise the insurance requirements in the lease.
Thor Gallery refused to alter the insurance requirements and filed suit against Monger seeking money damages for lost rent even though it had never delivered possession of the premises to Monger. Monger asserted a counterclaim alleging impossibility of performance and damages in the amount of the security deposit paid to Thor Gallery. Both parties filed motions for summary judgment in their favor, and Monger’s motion asserted that the lease should be rescinded. Following oral argument, the state court granted Monger’s summary judgment motion and “rescind[ed] the lease agreement between these parties and [found] that [Monger] was entitled to the return of the initial payment/security deposit in the amount of $12,197.00.” See OCGA § 13-3-5 (“[impossible, immoral, and illegal conditions are void and binding upon no one”); Woody’s Steaks v. Pastoria, 261 Ga. App. 815, 819 (2) (584 SE2d 41) (2003) (insurance requirement in lease is condition precedent).
1. Thor Gallery contends the state court lacked jurisdiction to order rescission and a return of the security deposit. We agree.
Georgia’s state courts, created pursuant to OCGA § 15-7-2, exercise comprehensive jurisdiction over a wide range of claims, including, inter alia, landlord/tenant disputes, misdemeanor offenses (including driving under the influence), contract and tort cases, and cases involving real property and small claims, but excluding only felony criminal cases, certain domestic cases, equity matters, and land title cases. See OCGA §§ 15-7-4, 15-6-8.
*237 (Emphasis supplied.) In the Matter of: Inquiry Concerning a Judge, 265 Ga. 843, 846-847 (4) (462 SE2d 728) (1995). State courts, as well as this court, can exercise jurisdiction over certain cases involving rescission where no affirmative equitable relief is asserted. See Walsh v. Campbell, 130 Ga. App. 194, 196 (202 SE2d 657) (1973). But that is not the case here because Monger sought affirmative equitable relief in his motion for rescission. Cf. Goodman v. Little, 96 Ga. App. 110 (99 SE2d 517) (1957) (court without equity jurisdiction cannot address petition praying “for relief which only a court of equity, or a court of law exercising full equity powers, could administer, such as the rescission of contracts, the cancellation of promissory notes, injunction, etc.”).
The dissent cites Brown v. Techdata Corp., 238 Ga. 622 (234 SE2d 787) (1977), in support of the conclusion that this case involves a rescission at law. But Brown in fact supports the conclusion that the rescission claim here is equitable in nature. As Brown explains, “[i]n the rescission ‘at law’the tender itself effectuates the rescission” and the purchaser is entitled to the return of the purchase price “without taking any independent proceeding in equity to rescind the contract.” Id. at 626. “In these instances, the plaintiff rescinds the contract himself by restoring, or making a bona fide offer to restore, to the defendant the fruits of the contract.” Id.
In equitable rescission, in contrast, the plaintiff “seeks to invoke the affirmative powers of a court of equity to rescind, or undo, the contractual transaction.” (Emphasis supplied.) Brown, supra at 627. As explained in the same treatise on remedies relied upon by the dissent:
Rescission in equity is a very different, matter. Plaintiffs are frequently permitted to resort to equity courts for a rescission without much serious concern for the usual rule that equity jurisdiction is based upon the inadequacy of a legal remedy In equity the suit is not on rescission, but for rescission; it is not a suit based upon the rescission already accomplished by the plaintiff, but a suit to have the court decree a rescission. . . . Since rescission is not accomplished “in equity” until the court so decrees, the plaintiff has no obligation before suit to make restitution of goods or money he received from the defendant. . . . [T]he judge must act to assure that each party is restored to his pre-contract position, at least as far as possible to do.
(Citations and footnotes omitted; emphasis in original.) Dan B. Dobbs, Handbook on the Law of Remedies, § 4.8, p. 294 (1973).
*238 In this case, that is precisely what occurred. Monger asked the court for the affirmative relief of rescission, the trial court decreed a rescission in its order, and required Thor Gallery to restore Monger by returning the security deposit. Monger did not sue on rescission based upon a tender already made. In the lease agreement at issue, the landlord Thor Gallery agreed to allow the use of its property for 15 years, and the tenant Monger agreed to pay a certain amount of rent each month, with the amount to increase each year after the third year. But Thor Gallery never delivered possession of the property, and Monger never paid any rent. Accordingly, there was nothing for Monger to tender or offer to tender to effectuate a rescission at law.[1] Rather, Monger sought “the affirmative powers of a court of equity to rescind, or undo, the contractual transaction.” (Emphasis supplied.) Brown, supra, 238 Ga. at 627. Cf. Regents of the Univ. System of Ga. v. Carroll, 203 Ga. 292, 293 (1) (b) (46 SE2d 496) (1948) (no equitable rescission where defendants do not seek affirmative equitable relief, but ask for dismissal with costs, a “purely defensive matter”). We must therefore vacate the state court’s order and remand this case with direction that it be transferred to superior court. See Blackmon v. Tenet Healthsystem Spalding, 284 Ga. 369, 371 (667 SE2d 348) (2008).
The cases cited by the dissent do not require a different, result. Four of the five cases relied upon do not address the issue of jurisdiction and whether the case involved legal or equitable rescission. See Medical Staffing Network v. Connors, 313 Ga. App. 645 (722 SE2d 370) (2012); Crowell v. Williams, 273 Ga. App. 676 (615 SE2d 797) (2005); Intl. Software Solutions v. Atlanta Pressure Treated Lumber Co., 194 Ga. App. 441 (390 SE2d 659) (1990); Cutcliffe v. Chesnut, 122 Ga. App. 195 (176 SE2d 607) (1970). Instead, they are simply cases in which a magistrate court or state court addressed a rescission claim below, or rescission is discussed generally. “Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been decided so as to constitute precedent. [Cit.]” Tolbert v. Whatley, 223 Ga. App. 508, 513 (2) (478 SE2d 587) (1996). And we cannot determine from our opinion in Hann v. Harpers Boutiques Intl., 284 Ga. App. 531 (644 SE2d 337) (2007), whether any tender was made or offered in connection with the rescission claim over which the state *239 court had jurisdiction. Additionally, we stated there that the rescission claim at issue was based upon fraudulent inducement that is “legal in nature and not equitable.” Id. at 533 (2). This case does not involve a rescission based upon fraudulent inducement.
Additionally, the fact that Monger cited a statute, OCGA § 13-4-62,[2] in support of its rescission claim does not automatically render it a claim “at law.” Indeed, the Supreme Court of Georgia has recognized that the restoration contemplated by the predecessor of this statute is equitable in nature. Jones v. Gaskins, 248 Ga. 510, 512 (1) (284 SE2d 398) (1981). See also Lanier Home Center v. Underwood, 252 Ga. App. 745, 746 (1) (557 SE2d 76) (2001) (“Georgia law allows equitable rescission for nonperformance of a contract: A party may rescind a contract without the consent of the opposite party on the ground of nonperformance by that party but only when both parties can be restored to the condition in which they were before the contract was made.’OCGA § 13-4-62. [Cit.]”).
2. Thor Gallery’s remaining enumerations of error are rendered moot by our holding in Division 1.

Judgment vacated and case remanded with direction.

Phipps, P. J., Dillard, Branch, McMillian, Mercier and Peterson, JJ., concur. Ellington, P. J., concurs in judgment only. McFadden, J., dissents.

 If Monger had received possession of the property, he would have had something to tender or offer to tender to Thor Gallery to rescind the lease at law. The fact that Monger had not been given possession of the property distinguishes this case from a typical landlord/tenant dispute over which a state court generally has jurisdiction.

 This Code section provides: “A party may rescind a contract without the consent of the opposite party on the ground of nonperformance by that party but only when both parties can be restored to the condition in which they were before the contract was made.”